UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America, | |
| –v– | 15-cr-95 (AJN) |
| Mashud Yoda, | MEMORANDUM OPINION & ORDER |
| Defendant. | |

ALISON J. NATHAN, District Judge:

In a letter dated June 7, 2020, Defendant Mashud Yoda requested that the Court grant him compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, this motion is DENIED.

## I. BACKGROUND

On August 15, 2017, Defendant pleaded guilty to Count One of the S2 superseding indictment in the above-captioned case, which charged him with participating in a racketeering conspiracy. *See* Dkt. No. 1638; Dkt. No. 97. On December 22, 2017, Defendant appeared before this Court for sentencing, and the Court sentenced him to a below-guidelines sentence of 96 months' imprisonment to be followed by 3 years of supervised release. *See* Dkt. No. 1996. Defendant is currently serving this sentence at FCI-Berlin, and his release date is calculated to be April 23, 2023 on the Bureau of Prisons ("BOP") website. Dkt. No. 2946 at 1.

On June 7, 2020, Defendant mailed a letter to the Court requesting that he be granted compassionate release. Dkt. No. 2930. The Court construed Defendant's letter as a motion or compassionate release under 18 U.S.C. § 3582(c)(1)(A) and ordered the Government to respond. Dkt. No. 2931. The Government filed its opposition to Defendant's motion on August 5, 2020. Dkt. No. 2946.

1

The Defendant premises his request on two central points. First, he seeks compassionate release on the basis that he wishes to care for his father, who is elderly and suffers from numerous health conditions, including diabetes, high blood pressure, and glaucoma. Dkt. No. 2930 at 2. As Defendant notes in his letter, his father's health conditions and age put him at heightened risk for severe illness were he to contract COVID-19. *See* Centers for Disease Control and Prevention, *People With Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (noting that people with Type 2 diabetes are "at increased risk of severe illness from COVID-19" and that people with Type 1 diabetes "might be at an increased for severe illness from COVID-19). Second, Defendant seeks compassionate release on the basis that COVID-19 has impeded his progress on his education. Dkt. No. 2930 at 2.

## II.   DISCUSSION

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). The compassionate-release statute creates one such exception: It allows a court to "reduce" a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Under the recently enacted First Step Act, defendants serving their sentence may move the Court for compassionate release. *See United States v. Gotti*, No. 02-cr-743 (CM), 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020); *United States v. Gross*, No. 15-cr-769 (AJN), 2020 WL 1673244, at *2 (S.D.N.Y. Apr. 6, 2020). The Court construes Defendant's

June 7, 2020 letter as such a motion.

Before the Court may modify a term of imprisonment, a defendant usually must satisfy the statute's administrative exhaustion requirement. One avenue to doing so is if there is a "lapse of 30 days from the receipt of . . . a request [for the BOP to bring a compassionate release motion] by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). In its opposition to Defendant's motion, the Government asserts that BOP legal counsel that FCI Berlin, where Defendant is serving his sentence, has not received a request for compassionate release from the Defendant. Dkt. No. 2946, at 3. For the reasons outlined below, even assuming that Defendant had satisfied the exhaustion requirement, his motion would still be denied on the merits.

The Court may award Defendant the relief he seeks only if it finds that "extraordinary and compelling reasons warrant" compassionate release, 18 U.S.C. § 3582(c)(1)(A)(i), and that release is consistent with the Sentencing Commission's policy statements, *id.* § 3582(c)(1)(A). The Court must further consider the factors set forth in 18 U.S.C. § 3553(a). *Id.* § 3582(c)(1)(A).

The Court first considers whether "extraordinary and compelling reasons warrant . . . a reduction" in sentence and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). "Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence." *United States v. Butler*, No. 19-cr-834 (PAE), 2020 WL 1689778, at *1 (S.D.N.Y. Apr. 7, 2020). The applicable policy statement, U.S.S.G. § 1B1.13, and its corresponding commentary outline four categories of circumstances that constitute "extraordinary and compelling reasons" and thus warrant a

3

sentence reduction.[1]  The first two are inapplicable here:  Mr. Yoda is only 27 years old and has no history of medical conditions that place him at heightened risk due to COVID-19.  *See* U.S.S.G. § 1B1.13(1)(A), cmt. n.1(A); U.S.S.G. § 1B1.13(1)(A), cmt. n.1(B).  *See also* Dkt. No. 2946 at 6.

The latter two are a closer call.  The third circumstance refers to "[f]amily circumstances."  U.S.S.G. § 1B1.13(1)(A), cmt. n.1(C).  The commentary to the Guidelines narrows the scope of this circumstance by describing only two scenarios that implicate this circumstance, neither of which is applicable here.   The first refers to the "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," while the second is "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."  U.S.S.G. § 1B1.13(1)(A), cmt. n.1(C)(i); U.S.S.G. § 1B1.13(1)(A), cmt. n.1(C)(ii).

In citing these provisions, the Government appears to argue that the fact that Mr. Yoda seeks to be released in order to care for his father makes this section of the Guidelines inapplicable.  *See* Dkt. No. 2946 at 6–7.  To be sure, some courts have concluded as much.  *See, e.g.*, *United States v. Ingram*, 2019 WL 3162305 (S.D. Ohio July 16, 2019) ("[F]amily circumstances that constitute 'extraordinary and compelling reasons' simply do not include [the defendant's] mother. Many, if not all inmates, have aging and sick parents.").  But as other courts have noted in reference to this category, "a court may find that there exists an

---

[1] U.S.S.G. § 1B1.13 references only "a motion of the Director of the Bureau of Prisons" because it has not yet been updated to reflect the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which allows defendants independently to seek compassionate release relief from federal courts.  *United States v. Ebbers*, No. 02-cr-1144 (VEC), 2020 WL 91399, at *1, 4 (S.D.N.Y. Jan. 8, 2020).  The majority of courts have concluded that since passage of the First Step Act, courts may make their own assessment of whether "extraordinary and compelling" reasons warrant a sentence reduction.  *See, e.g., United States v. Millan*, No. 91-cr-685 (LAP), 2020 WL 1674058, at *7 (S.D.N.Y. Apr. 6, 2020) (citing cases).

extraordinary and compelling reason other than those specifically enumerated in the Application Notes to § 1B1.13." *United States v. Lisi*, 440 F. Supp. 3d 246, 251–52 (S.D.N.Y. 2020) (citing *United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019)). "This Court sees no reason to discount this unique role simply because the incapacitated family member is a parent and not a spouse." *Bucci*, 409 F. Supp. 3d at 2; *see also Lisi*, 440 F. Supp. 3d at 252. And even if Defendant were unable to rely on the third category, the Court can certainly take into account his father's illness and susceptibility to COVID-19 on the basis of the fourth category outlined in the commentary to § 1B1.13, which permits consideration of "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13(1)(A), cmt. n.1(D). In considering these provisions, the Court finds that the need to care for one's aging and sick parent may, in certain circumstances, warrant a finding that an extraordinary and compelling reason exists. This is especially true in the current pandemic, and even more so where the parent suffers from a chronic health condition that experts have linked to a heightened risk of severe illness. As a result, the Court refuses to countenance the notion that § 3582(c)(1)(A)(i) categorically bars consideration of certain kinds of familial relationships when ascertaining whether compassionate release is warranted.

      Still, after taking into consideration all of the circumstances, the Court nonetheless concludes that the Defendant has not proven the existence of an extraordinary and compelling reason that warrants compassionate release. The Government notes in its opposition that the Defendant "has several siblings, including a co-defendant who is currently on supervised release and living in the Bronx, and a sister who as of 2017 was a NYC public school teacher." Dkt. No. 2946 at 7 (citing PSR ¶ 70). And it further notes that, as of 2017, a cousin of the defendant lived with Mr. Yoda's father. *Id.* In line with this, the Defendant does not allege in his motion that he

is, or would be, the only available caregiver. These facts change the calculus, at least insofar as they indicate that Mr. Yoda's father has other family members who can help care for him during this public health crisis. And indeed, in taking into consideration the animating principle of § 1B1.13(1)(A), cmt. n.1(D), it is relevant, if not dispositive, that Mr. Yoda's father does not appear to depend exclusively on Mr. Yoda for care at this time. Accordingly, the Court finds that Defendant is not able to satisfy the high bar of proving that an extraordinary and compelling reason warranting compassionate release exists.

Even if the Court had found an extraordinary and compelling reason, however, it would still deny Mr. Yoda's motion on the basis that his release would not be consistent with "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Guidelines require consideration of whether "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). The Defendant's criminal record reveals a pattern of violent conduct and a long history of access to firearms. PSR ¶¶ 44–63. Of course, the Court is heartened by Mr. Yoda's commitment to his education, and it hopes that Mr. Yoda stays the course. But at this time, the Court cannot ignore both the seriousness of his criminal history and how recently he engaged in violent, criminal behavior. On these grounds, the Court finds that it cannot conclude that the Defendant does not pose "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Accordingly, because all the requirements of 18 U.S.C. § 3582(c)(1)(A)(i) have not been met, the Court concludes that compassionate release is not warranted here.[2]

---

[2] The Court need not—and does not—consider whether compassionate release would be consistent with the factors set forth in 18 U.S.C. § 3553(a) because it concludes that Defendant has not satisfied the extraordinary and compelling reasons prong of the compassionate release analysis and that his release would pose a danger to the safety of the community.

### III. CONCLUSION

For the reasons articulated above, Defendant's pro se motion for compassionate release is DENIED. The Court encourages BOP to take into account the particular needs of Mr. Yoda's father, if and when the Defendant avails himself of BOP's administrative remedies in his pursuit of compassionate release. The Clerk of Court is respectfully directed to mail a copy of this Order to the Defendant. This resolves Dkt. No. 2930.

SO ORDERED.

Dated: September 11, 2020
      New York, New York

_____
ALISON J. NATHAN
United States District Judge